UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERAJUL HAQUE,

              Plaintiff,

    v.

UNITED STATES ATTORNEY GENERAL, et al.,

            Defendants.

Case No.14-cv-04600-NC

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S REQUEST TO CONSOLIDATE CASES AND APPOINT COUNSEL**

Re: Dkt. Nos. 65, 82, 86

      The Court considers the parties' motions for summary judgment.  Haque sued the federal defendants for denying his application for United States citizenship and asked this Court to grant him citizenship.  Prior to initiating this action, Haque was granted United States citizenship, so the Court finds that all of Haque's claims for injunctive and declaratory relief are moot, and the doctrine of sovereign immunity bars his recovery of monetary damages.  Therefore, the Court DENIES plaintiff's motion for summary judgment and GRANTS defendants' motion for summary judgment.  Additionally, the Court DENIES plaintiff's request to consolidate cases and appoint counsel.

**I.    BACKGROUND**

      Haque is a native of Bangladesh.  Dkt. No. 83 at Exh. A.  He first entered the United States as a lawful permanent resident on August 23, 1998.  *Id.* at Exh. B.  In March 2004, Haque filed an application for naturalization.  *Id.* at Exh. D.  Haque was convicted in

Case No.: 14-cv-04600-NC

2005 for battery on his spouse and child endangerment. *Id.* at Exh. E. On March 9, 2006, U.S. Citizenship and Immigration Services ("USCIS") denied his application for naturalization, concluding that his criminal convictions rendered him unable to establish good moral character. *Id.* at Exh. F.

On March 22, 2006, U.S. Immigration and Customs Enforcement ("USICE") initiated removal proceedings against Haque based on his criminal convictions. *Id.* at Exh. G. Those proceedings were terminated, without prejudice, on April 7, 2006, because it appeared that the convictions were not final due to an appeal Haque had filed. *Id.* at Exh. H. On May 16, 2006, USICE again initiated removal proceedings against Haque. *Id.* at Exh. I. Haque's criminal appeal was dismissed on September 8, 2006. *Id.* at Exh. J.

On March 6, 2009, while Haque was still in removal proceedings, he filed a second application for naturalization. Dkt. No. 83 at Exh. K. On July 24, 2009, the application was denied for lack of jurisdiction due to his pending removal proceedings. *Id.* at Exh. K. On April 8, 2010, while still in removal proceedings, Haque filed a third application for naturalization. *Id.* at Exh. L. On August 23, 2010, that application was denied for lack of jurisdiction due to the pending removal proceedings. *Id.* at Exh. L. In January 2011, the immigration court sustained the charges of removability and granted relief in the form of cancellation of removal for lawful permanent residents. *Id.* at Exh. M.

On May 1, 2012, Haque filed his fourth application for naturalization, which was approved. *Id.* at Exh. P. Haque was sworn in as a U.S. citizen on September 18, 2012. *Id.* at Exh. P.

In this action, Haque sued the Attorney General of the United States, the Secretary of the Department of Homeland Security, and the District Director of the United States Citizenship and Immigration Services in San Jose. Dkt. No. 1. Haque requests that this Court grant him citizenship and award damages related to the cost of his immigration proceedings. Dkt. No. 1. Haque filed a motion for summary judgment (Dkt. No. 65), the federal defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment (Dkt. No. 82), and Haque requested that this Court consolidate his 53 other cases

in the Northern District and appoint him counsel (Dkt. No. 86).

## II.  LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* Bald assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party.  *Liberty Lobby*, 477 U.S. at 255.

## III.  DISCUSSION

Haque's complaint is difficult to follow, but it appears that he brings claims (A) to compel the United States to grant him citizenship (injunctive and declaratory relief); (B) for monetary compensation under the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), the Declaratory Judgment Act ("DJA"), the Mandamus Act, and general tort law.  Dkt. No. 1 at 3, 5.  Because Haque filed a motion for summary judgment, the Court will construe defendants' motion as a cross-motion for summary judgment.

United States District Court
Northern District of California

United States District Court
Northern District of California

### A.   Injunctive and Declaratory Relief Claims Are Moot.

A federal court may only adjudicate "actual, ongoing cases or controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  Federal courts lack jurisdiction to consider moot claims.  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).  "A claim is moot if it has lost its character as a present, live controversy."  *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir.1997).  "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot."  *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC,* 100 F.3d 1451, 1458 (9th Cir.1996)).

Here, plaintiff requests the Court require the USCIS to grant his petition for citizenship; however, the Board has already done so and Haque became a U.S. citizen in September 2012.  Dkt. No. 1 at 5.  Therefore, there is no current controversy for the Court to adjudicate and the claims are moot.  The claims for injunctive and declaratory relief are dismissed.

### B.   Monetary Damages Are Barred By Sovereign Immunity.

Sovereign immunity shields the federal government and its agencies from suit, absent a Congressional waiver.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  In order for waivers of the government's sovereign immunity to be effective, they must be "unequivocally expressed" by Congress.  *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).  None of the statutes referred to by Haque provide such an unequivocal waiver of sovereign immunity.

#### 1.   INA and APA

Neither the INA nor APA contain express waivers of the government's sovereign immunity for monetary damages.  8 U.S.C. § 1421(c); 5 U.S.C. § 702; *See E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1086 (9th Cir. 2010).

The INA provides an appeal mechanism for district courts to review denied applications for naturalization, in accordance with the APA.  8 U.S.C. § 1421(c).  The

APA only permits an action seeking relief other than monetary damages, and therefore does not contain a waiver of sovereign immunity.  5 U.S.C. § 702; *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989)(holding that the APA "waives sovereign immunity in all actions seeking relief from official misconduct except for money damages").  Therefore, Haque's claims for money damages under the INA and APA are dismissed.

### 2.  DJA

The declaratory injunction act provides a basis for injunctive, not monetary relief. 28 U.S.C. §§ 2201, 2202.  The DJA does not waive sovereign immunity or make monetary damages available to a plaintiff on its own.  *Quigley v. California Franchise Tax Bd.*, 14 F. App'x 910, 911 (9th Cir. 2001).  Haque's claim under the DJA is dismissed.

### 3.  Mandamus Act

District courts have jurisdiction in mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."  28 U.S.C. § 1361.  The Mandamus Act does not waive the United States' sovereign immunity for money damages.  *White v. Adm'r of Gen Serv. Admin.*, 343 F.2d 444, 447 (9th Cir. 1965); *Smith v. Grimm,* 534 F.2d 1346, 1353, n.9 (9th Cir. 1976). Haque's claim under the Mandamus Act is dismissed.

### 4.  Tort Claims

Haque's claims under tort law are also barred by sovereign immunity and the statute of limitations.  The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for persons injured by the negligent or wrongful acts or omission of any employee of the federal government while acting within the scope of employment.  28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1).  "However, the Act further provides that before an individual can file an action *against the United States* in district court, [he] must seek an administrative resolution of [his] claim."  *Jerves v. United States,* 966 F.2d 517, 518 (9th Cir. 1992). FTCA's exhaustion requirement is a "clear statutory command."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Additionally, FTCA claims have a two year statute of

United States District Court
Northern District of California

1    limitations. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

2         Here, Haque has sued the Attorney General of the United States, the Secretary of

3    the Department of Homeland Security, and the District Director of United States

4    Citizenship and Immigration Services in San Jose, California. Dkt. No. 1 at 1. A claim

5    under the FTCA cannot be maintained against the individual federal officers, but must be

6    made against the United States. Additionally, there is no evidence that Haque ever sought

7    an administrative remedy. Finally, Haque's complaints center around his denials of

8    citizenship which occurred in 2006, 2009, and 2010. These are all beyond the statute of

9    limitations permitted for recovery under the FTCA. Therefore, Haque's claim under the

10   FTCA is dismissed.

11              **5.   *Bivens* Action**

12        Finally, any *Bivens* action alleged by Haque is similarly barred by the statute of

13   limitations. "Although federal law determines when a *Bivens* claim accrues, the law of the

14   forum state determines the statute of limitations for such a claim. In California, the statute

15   of limitations is one year." *Papa v. United States,* 281 F.3d 1004, 1009 (9th Cir. 2002)

16   (citing Cal. Civ. Proc. Code § 340(3)); *W. Ctr. for Journalism v. Cederquist*, 235 F.3d

17   1153, 1156 (9th Cir. 2000)(noting that the personal injury statute of limitations of the state

18   applies in *Bivens* actions). As discussed above, the most recent of Haque's immigration

19   denials was in 2010, so his action is time-barred under *Bivens*. The *Bivens* cause of action

20   is similarly dismissed.

21        **C.   Haque's Motion to Appoint an Attorney Is Denied.**

22        The Court has twice denied Haque's request to appoint an attorney, finding that

23   Haque provided no legal basis for such a request. Dkt. Nos. 21, 79. His third request for

24   an attorney similarly provides no legal basis, and is thus denied. Dkt. No. 86.

25        **D.   Haque's Request To Consolidate Cases Is Denied.**

26        Haque requests that this Court consolidate all 53 cases that he has filed in the

27   Northern District of California. Dkt. No. 86. This request is denied because Haque's other

28   cases are all closed.

United States District Court
Northern District of California

IV.  **CONCLUSION**

Because plaintiff has not submitted any evidence or argument to suggest that amendment of the complaint would be productive, the Court finds that amendment would be futile.  Therefore, Haque's complaint is dismissed on all grounds with prejudice.  The district clerk will terminate the case, and no motions for reconsideration, clarification, or modification of the dismissal of Haque's complaint will be entertained.

In coming to such a conclusion, the Court only considered the properly filed briefing on the motions before it.  The Court did not consider Haque's improper "closing arguments" filings.  Dkt. Nos. 95, 96, 97.  The Court has twice ordered Haque to cease improper filings and struck those filings from the record.  Dkt. Nos. 68, 72.  Haque is subject to a pre-filing review order because he has been declared a vexatious litigant.  *See Haque v. Toys R Us*, 04-mc-0231-MHP, Order filed January 24, 2005 (Dkt. No. 7); *see also Haque v. U.S. Attorney*, 15-mc-80032-LHK, Order filed January 27, 2015 (Dkt. No. 2).  Haque is reminded not to submit or send any papers to this Court.  Failure to comply with this Order may result in the initiation of contempt proceedings against Haque.

**IT IS SO ORDERED.**

Dated:  May 13, 2015                                    _____

NATHANAEL M. COUSINS
United States Magistrate Judge